number 05-15084 and Zamani v. Karnes, 04-17571, we have Karnes as the Karnes plaintiff's appellants as in one case and as defendant appellants in the other, and Zamani is the plaintiff's. Kagan, you are representing the Karnes? Sullivan, I have the Karnes, Your Honor, in the first matter that's on the calendar. It's 20 minutes to say. It may be easiest if we actually do these cases one by one. So let's do Karnes v. Zamani first, in which you are the appellants, and we'll then do Zamani v. Karnes. Okay. That's fine, Your Honor. Good morning, Your Honors. Pleased to court, J.D. Sullivan, Minden, Nevada, for the Karnes family. Mr. Hales and I did discuss this earlier. He's going to handle the other argument in series after I do so. As I understand it, I'll go and then Mr. Zamani and then Mr. Hales and then Mr. Zamani. Right. And let's let, just to make our timing sort of easier for you to understand, let's start out with a presumptive 10 minutes on this one. So if you could set the clock at 10 minutes, I'd appreciate it. My plan is to take about 5 minutes. Okay. We also requested to submit on the briefs on this, or at least I did on this case. Okay. Let's start out with 10. That will at least sort of give us a reference point. By way of background, this post-judgment attorney's fees appeal is the second appeal in this case. Justice Kazansky, Graber, and Burson heard the first appeal. And my clients, the Karnes prevailed on summary judgment early 2001, and then the So the underlying judgment was affirmed in early 2003 in this Court's 2001 case 15956. And then we moved for attorney's fees on appeal and then for nonappellate post-judgment attorney's fees, that is, fees that we had incurred in connection with enforcement of the judgment and other post-judgment procedures that were not related to the appeal itself. And so the first question I have, which may be the first question you're about to address, is under Federal Rule 69, are we directed to follow the California procedures? Well, my answer to that is no. Rule 69, by its terms, references California procedures only in relation to execution matters. And if you read the rule itself, it makes it very clear the procedure on execution, if you look at 69A, beginning about the third line, the procedure on execution in proceedings supplementary to and in aid of a judgment and in proceedings on or in aid of execution shall be in accordance with the practice and procedure of the State in which the district court is held. So everything in that sentence modifies the procedure on execution. And what we have here is a motion for attorney's fees. No, it does not. There are three nouns beginning there. The procedure on execution, number one. Oh, I'm sorry. I see. Then it's modified by in proceedings supplementary to and in aid of the judgment and in proceedings on or in aid of the judgment. See? But those are, as it were by execution. But those are basically definitions of execution, if you like. If you like. Okay. I got it. That's our position. The 69A does apply to the levy procedures, to the execution procedures, wage garnishments. You would adopt State law for those procedures, but not for situations like we have, which is a motion for attorney's fees, for post-judgment attorney's fees. But that sounds as though that really has to do with proceedings supplementary to and in proceedings in aid of execution. Well, not really, because at the point in time that we made our motion for attorney's fees, there was no judgment to execute on. The judgment had already been satisfied. That's another point that we made in our brief. You can't have a proceeding supplementary to execution on a judgment when the judgment is already satisfied. We're moving for attorney's fees for post-judgment attorney's fees. And we believe that the Court wrongfully disallowed our reliance on Civil Code 1717. California Civil Code 1717 provides an independent basis for the Court to award attorney's fees, even whether it's within the context of the case or whether it's post-judgment. We cited the Regnier case for that proposition, that in post-judgment proceedings, California ---- But that doesn't apply to California law at all. California law, the substantive law, because it's a diversity case, applies to establish the right to attorney's fees. So because we had an underlying contract in the case, we have to adopt the California substantive law to a garden variety diversity case. But the difficulty the district court really had was not with whether you might be entitled on the merits, but rather the timeliness of the motion. Right. Because the district court looked to the California enforcement of judgments law, and I think kind of not knowing where else to look, and decided, well, we'll just have a bright line here. We'll say after the satisfaction under the California enforcement of judgment law, you can't file a motion for post-judgment attorney's fees. The problem with that argument is that 685.040 is the statute. It's not the exclusive basis for awarding post-judgment attorney's fees in the Federal Court. And that's where we got the Regnier case. And as I said earlier, 69A refers to executions such as, you know, wage levies, bank levies, but not to attorney's fees. The trial court ---- in fact, if you look at 6 ---- do you have those statutes in front of you, the 685.040? CCP 685? Let me look. Hang on a second. I don't know. 685.040. I do, yes. Well, if you look at 680.230, it says the judgment means a judgment or a decree entered in a court of this State, which is obviously not what we have here. This is a judgment entered in the court of the United States. And if you look at 650.040, attorney's fees incurred in enforcing a judgment are not included in cost collectible under this title unless otherwise provided by law. Attorney's fees incurred in enforcing a judgment are included as cost collectible under this title if the underlying judgment includes an award of attorney's fees to the judgment creditor. Our underlying judgment didn't even include an award of attorney's fees to the judgment creditor. The 2001 judgment that was the subject of this first appeal merely said, you know, plaintiffs prevail, defendants do not prevail in their counterclaim, period. We had to come back later, make a motion for attorney's fees under Civil Code 1717, which then Judge White granted. That was appealed by the Zamanis, went up, came back down. We had the affirmation entered by this Court. Then we came back and made a motion for attorney's fees on appeal, which was then stipulated to be remanded back to Judge White for determination. And so we filed that motion and we filed our motion for post-judgment fees almost simultaneously, and then those were heard simultaneously. So when our first attorney's fees were awarded by Judge White, a lot of those attorney's fees were already post-judgment fees because they were through October of 2001, and the original judgment had been entered in February of 2001. So we even had 10 months of post-judgment attorney's fees that the judge did award prior to the appeal going forward that happened after the judgment was entered. So basically, 69A does not apply. The cases that the Court cited, the Palau case, for example, a case of this Court was not a post-judgment attorney's fees case. It was a bank levy case where Ferdinand Marcos' assets were trying to be levied upon. And it was all about the validity of whether Judge Real's order down in Los Angeles to deposit all of the Marcos' account funds into the registry of the Court was valid or whether the methods of process used were valid. But there was nothing about post-judgment attorney's fees in that case. The Chilios case that Judge White cited also was specifically overturned by the California legislature in CCP 685.040. This was admitted in our opponent's brief and confirmed in the Miller v. Givens case, which we cited in our opening brief. And then just yesterday, actually, I found an Illinois case, Coyle Vay v. Appellate Court, which came out on December 8th of 2006.  And the California legislature, that's 857 Northeast 2nd, 834, again confirmed that the California legislature overturned the Chilios case. So 1717 was a valid basis for awarding attorney's fees to us post-judgment. We think that this is Federal court territory. To quote Regnier at page 86, the basis of recovery of attorney's fees is the underlying contract, not the judgment. The appellee's position is that the judgment merged with the contract, and therefore all of our remedies are under the judgment and therefore under the California enforcement of judgment law. The Regnier case stands for the proposition that there's not a merger, that we can use the 1717 access to attorney's fees as an ancillary matter. That's all I have, Your Honor. Okay. Let's hear from Mr. Zamani, and we'll give you a minute. You've saved your response. Thank you, Your Honor. Just a moment until we get the clock set, Mr. Zamani. Okay. Yes. May I please record? I really don't have anything to say about the ---- If you could just say my Mr. Zamani. Your name and so on. Oh, I'm sorry. That's all right. Michael Zamani. I'm the appellee in this case. Right. And you received our order because you're not an attorney. You can certainly argue for yourself what you're doing. Yes. But you cannot argue for others in the case, specifically your wife. Yes, I can. Okay, fine. That's fine. You're talking about the appellate, the attorney's fee case right now? Yes. I think the attorney that I had properly briefed that matter. And it's a matter of law. And unfortunately, Mr. Sullivan doesn't like any law that works against him. So I don't have much to say about that. Okay. Thank you, Your Honor. Thank you. And I think because he didn't have much to say, you probably don't have much to say in rebuttal. I'd like to make a motion at this point to bill it. Okay. Thank you very much, then. The first case, Carnes v. Zamani, 05-15084, is now submitted for decision.
judges: Hug, W. Fletcher, Holland